UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sandata Technologies, Inc. ) | |
| ) | |
|    Plaintiff ) | |
| ) | Civil Action No. **09 CV 6353(LMM)(THK)** |
|    v. ) | |
| ) | Hon. Lawrence McKenna |
| American EPAY, Inc. ) | |
| ) | Magistrate Judge Theodore Katz |
| and ) | |
| ) | |
| Medical Management Technology, Inc. ) | **JURY TRIAL DEMANDED** |
| ) | |
|    Defendants ) | |
| ) | |
| ) | |

# DEFENDANT AMERICAN EPAY INC.'S ANSWER TO SANDATA'S AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST SANDATA

Defendant American EPS, Inc., doing business as American EPAY, Inc. (hereinafter referred to as "American EPAY"), by and through its undersigned attorneys, answers the Amended Complaint of Plaintiff Sandata Technologies Inc. ("Plaintiff").

## I. THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York with a place of business at 26 Harbor Park Drive, Port Washington, New York 11050.

   **ANSWER:**   American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

2. Upon information and belief, defendant American Epay, Inc. ("American Epay") is a corporation of the State of Illinois with a place of business at 8430 West Bryn Mawr Avenue, Suite 450, Chicago, Illinois 60631.

**ANSWER:** American EPS, Inc. is a Delaware corporation with its principal place of business at 8430 West Bryn Mawr Avenue, Suite 450, Chicago, Illinois 60631. American EPS, Inc. is doing business as American EPAY, Inc. (herein referred to as "American EPAY"). Otherwise denied.

3. Upon information and belief, American Epay does business in the State of New York and in this judicial district on a continuous and systematic basis, including without limitation, by offering for sale or use, and/or selling or using at least its web-based telephone time-keeping system ("the Fonen System") in New York State.

**ANSWER:** Denied.

4. Upon information and belief, defendant Medical Management Technology Group Inc. ("MMTG") is a corporation with a place of business at 360 Fifth Avenue, Troy, New York 12182.

**ANSWER:** This allegation is not directed to American EPAY, and therefore no answer is required. Moreover, American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations (regarding MMTG), and therefore denies them.

5. Upon information and belief: MMTG does business in the State of New York and in this judicial district on a continuous and systematic basis, including

without limitation, by offering for sale or use, and/or selling or using at least its Home Health Care Verification System ("HVS") in New York State.

**ANSWER:** This allegation is not directed to American EPAY, and therefore no answer is required. Moreover, American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations (regarding MMTG), and therefore denies them.

## II. JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq.*

**ANSWER:** Admitted.

7. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331 and 1338(a).

**ANSWER:** Admitted.

8. Upon information and belief, venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and (c) and 1400(b).

**ANSWER:** Denied.

## III. FACTUAL BACKGROUND

9. United States Patent No. 5,963,912 ("the '912 Patent"), entitled "Telephone-Based Personnel Tracking System" (Ex. A) was duly and legally issued on October 5, 1999.

**ANSWER:** Admitted that United States Patent No. 5,963,912 ("the '912 patent") is entitled "Telephone-Based Personnel Tracking System," and issued from the USPTO on October 5, 1999. Otherwise denied.

10. On June 30, 2005, Plaintiff became the owner by assignment of all right, title and interest in the '912 Patent, and in any licenses previously granted under the '912 Patent, including without limitation, the right to sue and to recover for past and future infringement thereof.

**ANSWER:** American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

11. Upon information and belief, despite having notice of Plaintiff prior to the commencement of this action, Defendants continue to make, use, sell and/or offer for sale systems that infringe the '912 Patent without license or authorization from Plaintiff.

**ANSWER:** Admit that Defendant American EPAY knew of Plaintiff prior to the commencement of this action. Otherwise denied.

## IV. PATENT INFRINGEMENT *(American Epay)*

12. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1- 11 herein.

**ANSWER:** Defendant American EPAY adopts its responses to paragraphs 1- 11 and incorporates those responses by reference herein.

13. American Epay has infringed, and is continuing to infringe, one or more claims of the '912 Patent by making, using, selling and/or offering for sale at least the Fonen System.

**ANSWER:**   Denied.

14. Upon information and belief, American Epay's infringement of the '912 Patent is and has been willful and deliberate, with full knowledge of the '912 Patent.

**ANSWER:**   Denied.

15. Plaintiff has suffered damages by reason of American Epay's willful infringement of the '912 Patent, will suffer additional damages, and will be irreparably injured unless the Court enjoins defendant from continuing such infringement.

**ANSWER:**   Denied.


**V. PATENT INFRINGEMENT (*MMTG)***

16. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-11 herein.

**ANSWER:**   Defendant American EPAY adopts its responses to paragraphs 1-11 and incorporates those responses by reference herein.

17. MMTG has infringed, and is continuing to infringe, one or more claims of the '912 Patent by making, using, selling and/or offering for sale at least HVS.

**ANSWER:** This allegation is not directed to American EPAY, and therefore no answer is required. Moreover, American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations (regarding MMTG), and therefore denies them.

18. Upon information and belief, MMTG infringement of the '912 Patent is and has been willful and deliberate, with full knowledge of the '9 I2 Patent.

**ANSWER:** This allegation is not directed to American EPAY, and therefore no answer is required. Moreover, American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations (regarding MMTG), and therefore denies them.

19. Plaintiff has suffered damages by reason of MMTG's willful infringement of the '912 Patent, will suffer additional damages, and will be irreparably injured unless the Court enjoins defendant from continuing such infringement.

**ANSWER:** This allegation is not directed to American EPAY, and therefore no answer is required. Moreover, American EPAY lacks knowledge or information sufficient to form a belief as to the truth of these allegations (regarding MMTG), and therefore denies them.

## AMERICAN EPAY'S AFFIRMATIVE DEFENSES

### First Affirmative Defense - Laches

20. Long prior to the commencement of this action, Plaintiff had knowledge of Defendant American EPAY and its Fonen System. (See Plaintiff's Complaint, Docket Entry #1, ¶ 11).

21. This "long prior" period amounts to inexcusable delay by Plaintiff in bringing this suit.

22. American EPAY has been prejudiced by Plaintiff's long delay.

23. American EPAY relied on and has been harmed because of this delay by continuing to invest in, improve, sell and offer for sale its Fonen service.

24. This suit is now brought almost 13 years after the filing of the '912 patent, almost 19 years after the filing of the first patent in the series of patents that include the '912 patent, and long after Plaintiff had knowledge of Defendant American EPAY and its Fonen System. Upon information and belief, evidence regarding American EPAY's defenses and counterclaims, including but not limited to American EPAY's affirmative defense as to the invalidity of the '912 patent, has been lost, destroyed, forgotten or is irretrievable. The loss of this evidence significantly prejudices Defendant American EPAY's ability to present a full and fair defense on the merits.

**Second Affirmative Defense - Estoppel**

25. Long prior to the commencement of this action, Plaintiff had knowledge of Defendant American EPAY and its Fonen System. (See Plaintiff's Complaint, Docket Entry #1, ¶ 11).

26. "[L]ong prior to the commencement of this action," Plaintiff sent at least one communication advising Defendant American EPAY of the '912 patent, but explicitly not accusing American EPAY of infringement. (See Plaintiff's Complaint, Docket Entry #1, ¶ 11). On information and belief, American EPAY responded that the '912 patent is not valid and not infringed. On information and belief, years passed before American EPAY received any additional correspondence from Plaintiff and the filing of this lawsuit.

27.     During this time, American EPAY relied on Plaintiff's silence as to its response that the Fonen System did not infringe any valid claim of the '912 patents.  American EPAY relied on Plaintiff's silence and continued to improve, sell and offer for sale its Fonen service.

28.     This suit is now brought almost 13 years after the filing of the '912 patent and almost 19 years after the filing of the first patent in the series of patents that include the '912 patent.   Upon information and belief, evidence regarding American EPAY's defenses and counterclaims, including but not limited to American EPAY's affirmative defense as to the invalidity of the '912 patent, has been lost, destroyed, forgotten or is irretrievable.  The loss of this evidence materially prejudices Defendant American EPAY's ability to present a full and fair defense on the merits.

**Third Affirmative Defense - Non-Infringement**

29.     Defendant American EPAY does not directly or indirectly infringe any claim of the '912 patent and has not done so previously. Defendant American EPAY does not induced others to infringe any claim of the '912 patent and has not done so previously.

**Fourth Affirmative Defense - Invalidity**

30.     The '912 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. § 100 et seq., including but not limited to §§ 101, 102, 103 and 112.

## **AMERICAN EPAY'S COUNTERCLAIMS AGAINST PLAINTIFF SANDATA**

### **VI. Parties**

31.     American EPS, Inc, doing business as American EPAY, Inc. ("American EPAY"), is a Delaware corporation.  Its principal place of business is at 8430 West Bryn Mawr Avenue, Suite 450, Chicago, Illinois 60631.

32.     Upon information and belief, Plaintiff is a corporation with a place of business at 26 Harbor Park Drive, Port Washington, New York.

### **VII. Jurisdiction**

33.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq.., the patent laws of the United States and Title 35 of the United States Code.

34.     This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338(a), 1338(b), 1367, 2201, and 2202.

35.     Plaintiff has submitted itself to the jurisdiction and venue of the Court by filing of the present suit.

### **VIII. Count 1 – Declaratory Judgment of Invalidity**

36.     Defendant American EPAY incorporates each allegation contained in above paragraphs 31 through 35, as though fully set forth herein.

37.     This counterclaim is for declaratory judgment of no liability under U.S. Patent 5,963,912 ("the '912 Patent"). The '912 patent is invalid, void and/or unenforceable.

38.     An actual case or controversy exists between American EPAY and Plaintiff Sandata.  Plaintiff Sandata claims to be the owner of the '912 patent and has brought suit against American EPAY for alleged infringement of the '912 patent.  An actual and justiciable controversy exists between American EPAY and Plaintiff Sandata as to the validity and enforceability of the '912 patent.

39.     American EPAY has suffered, is suffering, and will continue to suffer irreparable ham and damage due to Plaintiff's filing of the Complaint in the present action -- asserting a patent that is invalid, void, and/or unenforceable. Unless Plaintiff Sandata is enjoined from its wrongful acts as alleged herein, the irreparable and other harm and damage to American EPAY will continue and increase.

40.     American EPAY has no adequate remedy at law.

41.     The '912 patent is invalid and/or unenforceable by reason of Plaintiff, its successor in interest, and/or the patentee's failure to comply with one or more requirements specified in 35 U.S.C. §§ 101, 102, 103, 112, 120 and/or violating the duty of disclosure.

42.     This count presents an exceptional case within the meaning of 35 U.S.C. § 285.

**IX. Count 2 – Declaratory Judgment of Non-infringement**

43.     Defendant American EPAY incorporates each allegation contained in above paragraphs 31 through 42, as though fully set forth herein.

44. This counterclaim is for declaratory judgment of no liability under U.S. Patent 5,963,912 ("the '912 Patent"). The claims of the '912 patent are not infringed by American EPAY.

45. An actual case or controversy exists between American EPAY and Plaintiff Sandata. Plaintiff Sandata claims to be the owner of the '912 patent and has brought suit against American EPAY for alleged infringement of the '912 patent. An actual and justiciable controversy exists between American EPAY and Plaintiff Sandata as to the infringement of the '912 patent.

46. American EPAY has suffered, is suffering, and will continue to suffer irreparable ham and damage due to Plaintiff's filing of the Complaint in the present action asserting a patent that is not infringed. Unless Plaintiff Sandata is enjoined from its wrongful acts as alleged herein, the irreparable and other harm and damage to American EPAY will continue and increase.

47. American EPAY has no adequate remedy at law.

48. American EPAY does not infringe and has not infringed (directly, contributorily, or by inducement) any claim of the '912 patent.

49. This count presents an exceptional case within the meaning of 35 U.S.C. § 285.

## X. PRAYER

Wherefore, Counterclaim-plaintiff/Defendant American EPAY requests a judgment as follows:
    A. A finding that the '912 patent is invalid.
    B. A finding that the '912 patent is not infringed.

C. A finding that the '912 patent is unenforceable.

D. A finding that American EPAY has not committed any act that would constitute direct or contributory or any other infringement of any valid and enforceable claim of the '912 patent.

E. A finding that the case brought by these counterclaims is exceptional and an award to American EPAY of its costs, interest, and reasonable attorney's fees, as provided in 35 U.S.C. § 285.

F. A finding that Plaintiff Sandata's claims of infringement are barred by laches.

G. A finding that Plaintiff Sandata's claims of infringement are barred by estoppel.

H. Such further relief as this Court deems proper.

## XI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Defendant American EPAY hereby demands a trial by jury for all issues triable by a jury in this case.

Dated: September 28, 2009

                                              Respectfully submitted,

                                              *s/ Edward D. Manzo*
                                              Edward D. Manzo
                                              James S. Pristelski
                                              Jason R. Smalley
                                              James E. Hanft

                                              Attorneys for Defendant
                                              American EPAY, Inc.

Edward D. Manzo   N.Y. I.D. # 3519717
James S. Pristelski
Jason R. Smalley
COOK ALEX LTD.
200 West Adams Street, Suite 2850
Chicago, IL 60606
Phone:  (312) 236-8500
Fax:  (312) 236-8176
emanzo@cookalex.com

*Local Counsel*
James E. Hanft
Darby & Darby P.C.
7 World Trade Center
250 Greenwich Street
New York, NY 10007 US
Phone: 212.527.7700
Fax: 212.527.7701
Jhanft@Darbylaw.com